**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DIANA KRADLE AND JOSHUA SISLER, | ) | |
| as Co-Independent Administrators of the | ) | |
| Estate of JACKSON KRADLE, Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW HERPSTREITH, | ) | ***Plaintiffs demand trial by jury*** |
| AMY HUBBLE, | ) | |
| REBECCA FREDERICK, | ) | |
| SHERIFF OF CARROLL COUNTY, ILLINOIS, | ) | |
| CARROLL COUNTY, ILLINOIS, | ) | |
| SCOTT MARTH, | ) | |
| CITY OF MT. CARROLL, ILLINOIS, | ) | |
| CITY OF SAVANNA, ILLINOIS, | ) | |
| SAVANNA COMMUNITY AMBULANCE | ) | |
| ASSOCIATION, | ) | |
| 834 S JACKSON, LLC d/b/a THE COPPER COW, | ) | |
| SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., and | ) | |
| SANDBURR RUN, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators

of the Estate of JACKSON KRADLE, Deceased, by and through their attorneys, CLIFFORD LAW

OFFICES, P.C., MAURICE E. DUSKY, P.C., and WINTERS, SALZETTA, O'BRIEN and

RICHARDSON, LLC, and complaining of Defendants, MATTHEW HERPSTREITH, AMY

HUBBLE, REBECCA FREDERICK, SHERIFF OF CARROLL COUNTY, ILLINOIS,

CARROLL COUNTY, ILLINOIS, SCOTT MARTH, CITY OF MOUNT CARROLL, ILLINOIS,

CITY OF SAVANNA, ILLINOIS, SAVANNA COMMUNITY AMBULANCE ASSOCIATION,

834 S JACKSON, LLC d/b/a THE COPPER COW, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., and SANDBURR RUN, LLC, state as follows:

<strong><u>PARTIES</u></strong>

1.      Plaintiff, DIANA KRADLE, was and is now a citizen of Illinois. She is the duly appointed Independent Co-Administrator of the Estate of JACKSON KRADLE, Deceased, who died on July 28, 2024 as a result of the incident described herein.

2.      Plaintiff, JOSHUA SISLER, was and is now a citizen of Illinois. He is the duly appointed Independent Co-Administrator of the Estate of JACKSON KRADLE, Deceased, who died on July 28, 2024 as a result of the incident described herein.

3.      Defendant, MATTHEW HERPSTREITH ("HERPSTREITH"), is a citizen of the State of Illinois. He was, at all times relevant, employed as a Deputy Sheriff with the Carroll County Sheriff's Office. At all times material to this Complaint, Defendant HERPSTREITH acted under the color of the law and within the scope of his employment with the Carroll County Sheriff's Office. Defendant HERPSTREITH is sued in his individual capacity in the federal claims herein.

4.      Defendant, AMY HUBBLE ("HUBBLE"), is a citizen of the State of Illinois. At all relevant times, she was employed as a Dispatcher for the Carroll County Sheriff's Office and as an Emergency Medical Technician (EMT) with the City of Savanna and/or Savanna Community Ambulance Association. At all times material to this Complaint, Defendant HUBBLE acted under the color of the law and within the scope of her employment with the Carroll County Sheriff's Office, the City of Savanna, and Savanna Community Ambulance Association. Defendant HUBBLE is sued in her individual capacity in the federal claims herein.

5.      Defendant, REBECCA FREDERICK ("FREDERICK"), is a citizen of the State of Illinois. At all relevant times, she was employed as a Dispatcher for the Carroll County Sheriff's

Department. At all times material to this Complaint, Defendant FREDERICK acted under color of the law and within the scope of her employment with the Carroll County Sheriff's Office. Defendant FREDERICK is sued in her individual capacity in the federal claims herein.

6.     Defendant, SHERIFF OF CARROLL COUNTY, ILLINOIS ("CARROLL COUNTY SHERIFF"), is the elected Sheriff of Carroll County, Illinois. CARROLL COUNTY SHERIFF is responsible under *respondeat superior* for the conduct of its employees and/or agents.

7.     Defendant, CARROLL COUNTY, ILLINOIS ("CARROLL COUNTY"), is a governmental entity within the State of Illinois which funds and operates the Carroll County Sheriff's Office. Defendant, CARROLL COUNTY, was at all relevant times the co-employer of the Carroll County Sheriff and its employees and agents, including the deputies and dispatchers involved in the incident described herein. Defendant, CARROLL COUNTY, is responsible under *respondeat superior* for the conduct of its employees and/or agents. CARROLL COUNTY is also a named defendant for purposes of indemnification under 745 ILCS 10/9-102.

8.     Defendant, SCOTT MARTH ("MARTH"), is a citizen of the State of Illinois. Defendant SCOTT MARTH was, at all relevant times, employed as a Police Officer with the City of Mount Carroll Police Department. At all times material to this Complaint, Defendant MARTH acted under color of the law and within the scope of his employment with the City of Mount Carroll Police Department. Defendant MARTH is sued in his individual capacity in the federal claims herein.

9.     Defendant, CITY OF MOUNT CARROLL, ILLINOIS ("CITY OF MOUNT CARROLL"), is a governmental entity within the State of Illinois which funds and operates the City of Mount Carroll Police Department and was at all relevant times the employer of the City of Mount Carroll police officers involved in the incident described herein and is responsible under

3

*respondeat superior* for the conduct of its employees and/or agents. Defendant, CITY OF MOUNT CARROLL, is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. CITY OF MOUNT CARROLL is also a named defendant for purposes of indemnification under 745 ILCS 10/9-102.

10.     Defendant, CITY OF SAVANNA, ILLINOIS ("CITY OF SAVANNA"), is a governmental entity within the State of Illinois which funds and operates the City of Savanna emergency medical services. Defendant, CITY OF SAVANNA, was at all relevant times the employer of Defendant, HUBBLE, involved in the incident described herein. Defendant, CITY OF SAVANNA, is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions challenged by this suit.

11.     Defendant, SAVANNA COMMUNITY AMBULANCE ASSOCIATION, is a non-profit organization in the State of Illinois. Defendant, SAVANNA COMMUNITY AMBULANCE ASSOCIATION, was at all relevant times the employer of Defendant, HUBBLE, involved in the incident described herein and is responsible under *respondeat superior* for the conduct of its employees and/or agents.

12.     Defendant, 834 S JACKSON, LLC d/b/a THE COPPER COW ("COPPER COW"), is and was a corporation organized under the laws of the State of Illinois whose principal place of business is and was 834 S. Jackson Street, Mount Carroll, Illinois.

13.     Defendant, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC. ("SIPPI-SIDE PUB"), is and was a corporation organized under the laws of the State of Illinois whose principal place of business is and was 701 Main Street, Savanna, Illinois.

14.     Defendant, SANDBURR RUN, LLC ("SANDBURR RUN"), is and was a limited liability company organized under the laws of the State of Illinois whose principal place of

4

business is and was 5020 Illinois Route 84, Thomson, Illinois.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction of the action under 28 U.S.C. § 1331 because this matter involves a federal question. This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

16.     Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims here all occurred within this district.

## ALLEGATIONS COMMON TO ALL COUNTS

17.     This lawsuit arises out of a motor vehicle collision that occurred at approximately 3:33 a.m. on July 28, 2024 on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in Mount Carroll, Illinois, which caused the death of JACKSON KRADLE, a pedestrian.

18.     At the time of the collision, Defendant HERPSTREITH, owned, operated, managed, maintained, and controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the City of Mount Carroll, County of Carroll, State of Illinois.

19.     At the time of the collision, decedent, JACKSON KRADLE, was a pedestrian walking on or near Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the City of Mount Carroll, County of Carroll, State of Illinois.

20.     On July 27, 2024, beginning at approximately 5:00 p.m., a retirement party was held at Defendant COPPER COW for Cindy Sisler, a dispatcher with the Carrol County Sheriff's Office.

21.    HERPSTREITH attended this retirement party at the COPPER COW from approximately 5:00 p.m. until approximately 8:30 p.m.

22.    In attendance at said party were HERPSTREITH, HUBBLE, and numerous other agents and employees of the Carroll County Sheriff's Office, as well as the decedent, JACKSON KRADLE.

23.    HERPSTREITH and HUBBLE consumed intoxicating alcoholic liquor at the party at COPPER COW.

24.    At approximately 7:00 p.m., JACKSON KRADLE left the retirement party to join friends at a family cabin approximately one mile north of Mount Carroll, Illinois.

25.    After leaving the party, at approximately 8:30 p.m., HERPSTREITH drove to Shaw's MarketPlace, and then to an after-party where he continued to consume intoxicating alcoholic liquor.

26.    At approximately 11:22 p.m., HUBBLE contacted FREDERICK, who was on-duty as a Carroll County Sheriff's dispatcher, where HUBBLE requested the whereabouts for on-duty police officers. FREDERICK provided HUBBLE with the location of on-duty police for Carroll County Sheriff and Mt. Carroll police officers. HUBBLE and FREDERICK continued to communicate repeatedly thereafter concerning the whereabouts of patrolling officers in the hours leading up to JACKSON KRADLE's death.

27.    At approximately 11:30 p.m., HERPSTREITH left the after-party to drop his daughter off at home and drove to SANDBURR RUN with his wife.

28.    From approximately 11:55 p.m. to 12:30 a.m. in the morning of July 28, 2024, HERPSTREITH remained at SANDBURR RUN with a group of friends and continued to consume intoxicating alcoholic liquor. HERPSTREITH left SANDBURR RUN at approximately 12:30 a.m.

6

to drop his wife off at home after which he drove to SIPPI-SIDE PUB to meet the same friend group at 12:43 a.m. and continued to consume intoxicating alcoholic liquor.

29.     At approximately 2:13 a.m., HERPSTREITH left SIPPI-SIDE PUB and drove to HUBBLE's residence to pick up HUBBLE and Kayla Russell, in order to drive Kayla Russell to her home in Mt. Carroll, Illinois.

30.     At approximately 2:30 a.m., JACKSON KRADLE left his home in Mt. Carroll and began walking to his family cabin north of Mt. Carroll, Illinois.

31.     At approximately 3:20 a.m., HERPSTREITH and HUBBLE left a friend's home in Mt. Carroll, Illinois, and HERPSTREITH drove his truck north on Route 78.

32.     While traveling north on Route 78, HERPSTREITH struck JACKSON KRADLE with his vehicle.

33.     At approximately 3:33 a.m., HERPSTREITH called the "311" non-emergency line for the Carroll County Sheriff's Department to report a body in the roadway, north of Mount Carroll, Illinois on Route 78. HERPSTREITH spoke with SHERIFF dispatcher, FREDERICK, and specifically requested that Officer MARTH, a Mount Carroll Police Officer, come to the scene even though HERPSTREITH knew that the collision should have been investigated by the Illinois State Police because it occurred on a highway.

34.     JACKSON KRADLE was alive when HERPSTREITH made the call to the "311" non-emergency line for the Carroll County Sheriff's Office.

35.     HUBBLE examined JACKSON KRADLE by rolling him over where she observed breathing.

36.     HUBBLE pronounced JACKSON KRADLE dead at the scene and concluded/instructed that no ambulance was needed.

37.     No one assessed JACKSON KRADLE's condition further until he was examined by the Carroll County coroner at approximately 6:00 a.m. on July 28, 2024.

38.     HUBBLE had been drinking intoxicating alcoholic beverages throughout the night, during, and after the retirement party, and she was intoxicated when she examined JACKSON KRADLE. Others at the scene knew that she had been drinking alcohol and/or that she was intoxicated.

39.     At approximately 3:34 a.m., FREDERICK contacted Carroll County Sheriff's Deputy Josi Anderson and Defendant MARTH.

40.     At approximately 3:35 a.m., FREDERICK contacted "on-call command staff" and Carroll County Officer Ryan Lambert answered.

41.     At approximately 3:36 a.m., MARTH arrived on the scene and spoke with HERPSTREITH and HUBBLE.

42.     MARTH did not conduct any field sobriety tests or perform any substantive investigation. MARTH released HERPSTREITH and HUBBLE from the scene within minutes of his arrival and reported them only as "passerby" witnesses.

43.     At approximately 3:40 a.m., Carroll County Sheriff Ryan Kloepping ("Kloepping") was contacted.

44.     At approximately 3:45 a.m., FREDERICK spoke with the Illinois State Police, who advised that two state troopers were en route.

45.     At approximately 3:46 a.m., Carroll County Sheriff's Deputy Josi Anderson arrived at the scene.

46.     At approximately 3:49 a.m., Sheriff Kloepping contacted Carroll County Sheriff's Investigator David Mercado.

47.    At approximately 3:57 a.m., Carroll County Sheriff's Deputy Josi Anderson received a call from Illinois State Police Crime Scene Investigator Jeff Thew, who advised that he was en route.

48.    Prior to the arrival of either the Illinois State Troopers or the Illinois State Police Crime Scene Investigator, HERPSTREITH and HUBBLE were permitted to leave the scene.

49.    At approximately 4:03 a.m., HERPSTREITH appeared on video at Savannah Carwash spraying his truck to remove evidence of the fatal crash.

50.    At approximately 6:11 a.m., Sheriff Kloepping spoke with HERPSTREITH by phone; however, Sheriff Kloepping did not formally interview HERPSTREITH.

51.    At approximately 6:41 a.m., HERPSTREITH went to the Carrol County Sheriff's Office, wrote out a voluntary statement, and left it in Sheriff Kloepping's mailbox.

52.    At 11:25 a.m. on the morning of July 28, 2024, Sheriff Kloepping contacted the Illinois State Police to take over the investigation.

## COUNT I
## 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER
## WRONGFUL DEATH
## MATTHEW HERPSTREITH

53.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 53 as if restated herein.

54.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

55.    On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

56.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH was a sworn officer with the Carroll County Sheriff.

57.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH acted under color of law.

58.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH used his official authority to communicate with the Carroll County Sheriff's dispatch center to learn the location of on-duty police officers so that he could evade detection and operate a motor vehicle while under the influence of alcohol.

59.    On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant HERPSTREITH created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

60.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH acted with deliberate indifference in a manner that shocks the conscience by using his official capacity as sworn law enforcement to enable him to drive intoxicated.

61.    Defendant HERPSTREITH's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

62.    Plaintiffs' decedent, JACKSON KRADLE,  left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request:

a.    Compensatory and punitive damages in an amount to be determined at trial;

b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT II**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER**
**SURVIVAL ACTION**
**MATTHEW HERPSTREITH**

63.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 63 as if restated herein.

64.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

65.     On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

66.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH was a sworn officer with the Carroll County Sheriff.

67.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH acted under color of law.

68.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH used his official authority to communicate with the Carroll County Sheriff's dispatch center to learn the location of on-duty police officers so that he could evade detection and operate a motor vehicle while under the influence of alcohol.

69.     On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant HERPSTREITH created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

70.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HERPSTREITH acted with deliberate indifference in a manner that shocks the conscience by using

his official capacity as sworn law enforcement to enable him to drive intoxicated.

71.     Defendant HERPSTREITH's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

72.     As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendant, MATTHEW HERPSTREITH, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

## COUNT III
## 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER
## WRONGFUL DEATH
## AMY HUBBLE

73.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 73 as if restated herein.

74.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

75.     On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

76.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE was a dispatcher with the Carroll County Sheriff.

77. On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE acted under color of law.

78. On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE used her official authority to communicate with the Carroll County Sheriff's dispatch center to learn the location of on-duty police officers so that she and Defendant HERPSTREITH could evade detection and operate a motor vehicle while under the influence of alcohol.

79. On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant HUBBLE created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

80. On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE acted with deliberate indifference in a manner that shocks the conscience by using her official capacity as dispatcher to enable Defendant HERPSTREITH and her to drive intoxicated.

81. Defendant HUBBLE's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

82. Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

**COUNT IV**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER**
**SURVIVAL ACTION**
**AMY HUBBLE**

83.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 83 as if restated herein.

84.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

85.    On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

86.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE was a dispatcher with the Carroll County Sheriff.

87.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE acted under color of law.

88.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE used her official authority to communicate with the Carroll County Sheriff's dispatch center to learn the location of on-duty police officers so that she and Defendant HERPSTREITH could evade detection and operate a motor vehicle while under the influence of alcohol.

89.    On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant HUBBLE created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

90.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant HUBBLE acted with deliberate indifference in a manner that shocks the conscience by using her official capacity as dispatcher to enable Defendant HERPSTREITH and her to drive intoxicated.

14

91.     Defendant HUBBLE's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

92.     As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendant, AMY HUBBLE, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT V**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER**
**WRONGFUL DEATH**
**REBECCA FREDERICK**

93.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 93 as if restated herein.

94.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

95.     On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

96.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK was a dispatcher with the Carroll County Sheriff.

97.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant

FREDERICK acted under color of law.

98.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK used her official authority in the Carroll County Sheriff's dispatch center to communicate the location of on-duty police officers to Defendant HUBBLE and Defendant HERPSTREITH to assist them in evading detection of police officers and operate a motor vehicle while under the influence of alcohol.

99.     On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant FREDERICK created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

100.    On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK acted with deliberate indifference in a manner that shocks the conscience by using her official capacity as dispatcher to enable to Defendant HUBBLE and Defendant HERPSTREITH to drive intoxicated.

101.    Defendant FREDERICK's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

102.    Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

16

**COUNT VI**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT DUE PROCESS – STATE CREATED DANGER**
**SURVIVAL ACTION**
**REBECCA FREDERICK**

103.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 103 as if restated herein.

104.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that state action does not unreasonably deprive individuals of life, liberty, or property.

105.     On July 27, 2024 through July 28, 2024, and all relevant times herein, JACKSON KRADLE possessed a due process right under the Fourteenth Amendment.

106.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK was a dispatcher with the Carroll County Sheriff.

107.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK acted under color of law.

108.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK used her official authority in the Carroll County Sheriff's dispatch center to communicate the location of on-duty police officers to Defendant HUBBLE and Defendant HERPSTREITH to assist them in evading detection of police officers and operate a motor vehicle while under the influence of alcohol.

109.     On July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant FREDERICK created a dangerous situation and rendered citizens, including JACKSON KRADLE, more vulnerable to the danger of intoxicated motorists.

110.     On July 27, 2024 through July 28, 2024, and all relevant times herein, Defendant FREDERICK acted with deliberate indifference in a manner that shocks the conscience by using

17

her official capacity as dispatcher to enable to Defendant HUBBLE and Defendant HERPSTREITH to drive intoxicated.

111.    Defendant FREDERICK's conduct proximately caused injuries and death to JACKSON KRADLE on July 28, 2024.

112.    As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendant, REBECCA FREDERICK, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

WHEREFORE, Plaintiffs respectfully request:

     a.    Compensatory and punitive damages in an amount to be determined at trial;

     b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

     c.    Such other relief as the Court may deem just or equitable.

**COUNT VII**
**42 U.S.C. § 1983**
**FIRST AMENDMENT AND FOURTEENTH AMENDMENT -**
**DEPRIVATION OF RIGHT OF ACCESS TO THE COURTS**
**MATTHEW HERPSTREITH, AMY HUBBLE, REBECCA FREDERICK, AND**
**SCOTT MARTH**

113.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 113 as if restated herein.

114.    Plaintiffs, as Co-Independent Administrators of the Estate of JACKSON KRADLE, possess constitutional rights under the First Amendment and Fourteenth Amendment which ensure that state action does not interfere with the right of access to the courts.

115.    On July 28, 2024, and all relevant times herein, Defendant HERPSTREITH was a sworn officer with the Carroll County Sheriff's Office and acted under color of law.

116.    On July 28, 2024, and all relevant times herein, Defendant HUBBLE was an employee with the Carroll County Sheriff's Office and acted under color of law.

117.    On July 28, 2024, and all relevant times herein, Defendant FREDERICK was an employee with the Carroll County Sheriff's Office and acted under color of law.

118.    On July 28, 2024, and all relevant times herein, Defendant MARTH was a sworn officer with the Mt. Carroll Police Department and acted under color of law.

119.    On July 28, 2024, and all relevant times herein, Defendants HERPSTREITH, HUBBLE, FREDERICK, and MARTH, individually and collectively, concealed and obscured information regarding HERPSTREITH's and HUBBLE's intoxication and other potential offenses after the crash involving JACKSON KRADLE which occurred at approximately 3:33 a.m. on July 28, 2024.

120.    On July 28, 2024, and all relevant times herein, Defendants HERPSTREITH, HUBBLE, FREDERICK, and MARTH, individually and collectively, knew that investigations involving intoxication are extremely time-sensitive and all available evidence must be promptly collected. Defendants further knew that any delays in obtaining evidence will conceal and obscure information relevant to driving under the influence of alcohol or other offenses.

121.    On July 28, 2024, and all relevant times herein, the conduct of Defendants HERPSTREITH, HUBBLE, FREDERICK, and MARTH in concealing and obscuring evidence of intoxication or other driving offenses resulted in prejudice to contemplated litigation for injuries and death sustained by JACKSON KRADLE.

122.    On July 28, 2024, at approximately 3:33 a.m., Defendant HERPSTREITH collided with JACKSON KRADLE causing severe injuries requiring immediate medical intervention.

123.    However, after this crash, Defendants HERPSTREITH and HUBBLE contacted Defendant FREDERICK on the "311" non-emergency line for the Carroll County Sheriff's Office to report a body in the roadway, north of Mount Carroll, Illinois on Route 78.

124.    During this call, Defendants HERPSTREITH and HUBBLE falsely reported that they were not involved in the crash with JACKSON KRADLE.

125.    Defendant FREDERICK was aware that Defendants HERPSTREITH and HUBBLE were actually involved in the crash and that the information provided by Defendants HERPSTREITH and HUBBLE was false. Despite actual knowledge of the falsity of the information provided by Defendants HERPSTREITH and HUBBLE, Defendant FREDERICK assisted Defendant HERPSTREITH and HUBBLE in concealing and obscuring evidence of intoxication and involvement in the crash.

126.    Defendants HERPSTREITH, HUBBLE, and FREDERICK agreed to contact Defendant MARTH to respond to the scene which deliberately disregarded that the Illinois State Police should have been contacted to investigate this scene because it occurred on a state highway.

127.    Defendants HERPSTREITH, HUBBLE, and FREDERICK disregarded Carroll County Sheriff's policies and procedures which require that "911" be contacted for injuries sustained by JACKSON KRADLE.

128.    Defendant HUBBLE disregarded Carroll County Sheriff's policies and procedures as well as any training in her capacity as emergency medical technician where she did not call for emergency medical services and instead summarily reported that JACKSON KRADLE was dead on scene. Defendant HUBBLE knew that, by declaring JACKSON KRADLE deceased on scene, other medical personnel would not rush to the scene to make observations and possibly speak with JACKSON KRADLE.

129.    Upon arrival at the scene, Defendant MARTH disregarded Mt. Carroll Police Department policies and procedures which were intended to secure the scene and preserve evidence regarding the circumstances of the crash. Specifically, Defendant MARTH made visual observations of Defendants HERPSTREITH and HUBBLE at the scene of the crash which reasonably supported evidence of criminal conduct, including driving while under the influence of alcohol; however, despite these observations, Defendant MARTH disregarded Mt. Carroll Police Department policies and procedures which required detention of Defendants HERPSTREITH and HUBBLE to conduct further investigation, including performing field sobriety tests, portable breathalyzer testing, documenting the condition of the motor vehicle involved, and documenting physical evidence at the scene of crash involving great bodily harm or death.

130.    Defendant MARTH also permitted Defendants HERPSTREITH and HUBBLE to leave the scene without conducting any investigation into their involvement in the crash in disregard of Mt. Carroll Police Department policies and procedures which required that suspects and vehicles involved in crashes involving death or great bodily harm must remain on scene. Defendant MARTH knew that such actions would conceal and obscure evidence of intoxication for Defendants HERPSTREITH and HUBBLE, and their involvement in the crash.

131.    Defendants HERPSTREITH and HUBBLE deliberately left the scene without participating in any investigation to conceal and obscure evidence of intoxication and any involvement in the crash.

132.    Defendant HERPSTREITH drove to a carwash to remove any physical evidence of the crash by washing it off of his motor vehicle to conceal and obscure evidence.

133.    As a direct and proximate result of the Defendants' conduct in impeding, concealing, and obscuring important and time-sensitive information of the fatal crash, Plaintiffs'

right to seek redress has been abridged and impaired.

WHEREFORE, Plaintiffs respectfully request:

    a.    Compensatory and punitive damages in an amount to be determined at trial;

    b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

**COUNT VIII**
**NEGLIGENCE – WRONGFUL DEATH**
**MATTHEW HERPSTREITH**

134.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 134 as if restated herein.

135.    On and before July 28, 2024, and all relevant times herein, Illinois State Route 78 was a public roadway that generally ran northwest and southeast at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

136.    On and before July 28, 2024, and all relevant times herein, Lowden Road was a public roadway that generally ran north and south at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

137.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

138.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at

22

approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

139.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, caused his vehicle to strike JACKSON KRADLE.

140.    On July 28, 2024, and all relevant times herein, Defendant, MATTHEW HERPSTREITH, had a duty to own, operate, manage, maintain, and control the motor vehicle with due care to avoid a collision to others in the area, including Plaintiff's decedent, JACKSON KRADLE.

141.    On July 28, 2024, and all relevant times herein, Defendant, MATTHEW HERPSTREITH, breached said duty and was negligent in one or more of the following ways:

    a.    Failed to exercise reasonable care in the ownership, operation, management, maintenance, and control of a motor vehicle;

    b.    Operated a motor vehicle without keeping a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

    c.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

    d.    Failed to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

    e.    Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

    f.    Operated a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

    g.    Was otherwise careless and negligent.

142.    As a direct and proximate result of one or more of the aforementioned acts and/or

omissions, Defendant, MATTHEW HERPSTREITH, collided with JACKSON KRADLE.

143.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant, MATTHEW HERPSTREITH, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

144.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to the Wrongful Death Act in the State of Illinois, 740 ILCS 180/1, *et seq*.

145.    Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT IX
### NEGLIGENCE – WRONGFUL DEATH
### SHERIFF OF CARROLL COUNTY, ILLINOIS

146.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 146 as if restated herein.

147.    On and before July 28, 2024, and all relevant times herein, Illinois State Route 78 was a public roadway that generally ran northwest and southeast at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

148.    On and before July 28, 2024, and all relevant times herein, Lowden Road was a

public roadway that generally ran north and south at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

149.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, was an agent and/or employee of Defendant, CARROLL COUNTY SHERIFF and acting within the scope of his employment for CARROLL COUNTY SHERIFF.

150.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

151.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

152.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, caused the vehicle to strike JACKSON KRADLE.

153.    On July 28, 2024, and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, had a duty to own, operate, manage, maintain, and control the motor vehicle with due care to avoid a collision to others in the area, including Plaintiff's decedent, JACKSON KRADLE.

154.    On July 28, 2024, and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, breached said duty and was negligent in one or more of the following ways:

  a.    Failed to exercise reasonable care in the ownership, operation, management, maintenance, and control of a motor vehicle;

  b.    Operated a motor vehicle without keeping a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

  c.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

  d.    Failed to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

  e.    Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

  f.    Operated a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

  g.    Was otherwise careless and negligent.

155.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, collided with JACKSON KRADLE.

156.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

157.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent

Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to the Wrongful Death Act in the State of Illinois, 740 ILCS 180/1, *et seq*.

158.    Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT X
## NEGLIGENCE – SURVIVAL ACTION
## MATTHEW HERPSTREITH

159.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 159 as if restated herein.

160.    On and before July 28, 2024, and all relevant times herein, Illinois State Route 78 was a public roadway that generally ran northwest and southeast at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

161.    On and before July 28, 2024, and all relevant times herein, Lowden Road was a public roadway that generally ran north and south at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

162.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection

27

of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

163.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

164.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, caused his vehicle to strike JACKSON KRADLE.

165.    On July 28, 2024, and all relevant times herein, Defendant, MATTHEW HERPSTREITH, had a duty to own, operate, manage, maintain, and control the motor vehicle with due care to avoid a collision to others in the area, including Plaintiff's decedent, JACKSON KRADLE.

166.    On July 28, 2024, and all relevant times herein, Defendant, MATTHEW HERPSTREITH, breached said duty and was negligent in one or more of the following ways:

a.    Failed to exercise reasonable care in the ownership, operation, management, maintenance, and control of a motor vehicle;

b.    Operated a motor vehicle without keeping a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

c.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

d.    Failed to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

e.    Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

28

f.    Operated a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

g.    Was otherwise careless and negligent.

167.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendant, MATTHEW HERPSTREITH, collided with JACKSON KRADLE.

168.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant, MATTHEW HERPSTREITH, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

169.    As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendant, MATTHEW HERPSTREITH, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

170.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

**COUNT XI**
**NEGLIGENCE – SURVIVAL ACTION**
**SHERIFF OF CARROLL COUNTY, ILLINOIS**

171.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 171 as if restated herein.

172. On and before July 28, 2024, and all relevant times herein, Illinois State Route 78 was a public roadway that generally ran northwest and southeast at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

173. On and before July 28, 2024, and all relevant times herein, Lowden Road was a public roadway that generally ran north and south at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

174. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, was an agent and/or employee of Defendant, CARROLL COUNTY SHERIFF, and acting within the scope of his employment for CARROLL COUNTY SHERIFF.

175. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

176. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

177. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, caused the vehicle to strike JACKSON KRADLE.

30

178.     On July 28, 2024, and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, had a duty to own, operate, manage, maintain, and control the motor vehicle with due care to avoid a collision to others in the area, including Plaintiff's decedent, JACKSON KRADLE.

179.     On July 28, 2024, and all relevant times herein, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, breached said duty and was negligent in one or more of the following ways:

a.     Failed to exercise reasonable care in the ownership, operation, management, maintenance, and control of a motor vehicle;

b.     Operated a motor vehicle without keeping a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

c.     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

d.     Failed to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

e.     Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

f.     Operated a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

g.     Was otherwise careless and negligent.

180.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, collided with JACKSON KRADLE.

181.     As a direct and proximate result of one or more of the aforementioned acts and/or

omissions of Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

182.     As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendant, CARROLL COUNTY SHERIFF, by and through its agent and/or employee, MATTHEW HERPSTREITH, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

183.     Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

### COUNT XII
### NEGLIGENCE – WRONGFUL DEATH
### SHERIFF OF CARROLL COUNTY, ILLINOIS, AMY HUBBLE, AND REBECCA FREDERICK

184.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 184 as if restated herein.

185.     Between July 27, 2024 through July 28, 2024, and all relevant times herein, Defendants, REBECCA FREDERICK and AMY HUBBLE, were agents of CARROLL COUNTY SHERIFF and acted within the scope of their employment of Defendant, CARROLL COUNTY SHERIFF.

186.     On July 27, 2024, at approximately 11:22 p.m., and all relevant times herein, Defendant, AMY HUBBLE, contacted the dispatch center of Defendant, CARROLL COUNTY SHERIFF, and spoke with Defendant, REBECCA FREDERICK, to obtain information where on-duty police officers were patrolling to evade these police officers while driving intoxicated.

187.     From July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, Defendants, REBECCA FREDERICK and AMY HUBBLE, increased the risk of harm to other motorists and pedestrians who would come into contact with Defendants, AMY HUBBLE and MATTHEW HERPSTREITH.

188.     As a result of Defendants' conduct, Defendant, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois on July 28, 2024, at approximately 3:33 a.m.

189.     On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

190.     On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, collided into JACKSON KRADLE.

191.     Between July 27, 2024 through July 28, 2024, and all relevant times herein, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees,

33

REBECCA FREDERICK and AMY HUBBLE, had a duty to ensure that the public was not exposed to a heightened risk of intoxicated motorists.

192.     On July 28, 2024, and all relevant times herein, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, breached said duty and was negligent in one or more of the following ways:

a.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would not exercise reasonable care because of impairment or intoxication;

b.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known the driver of the motor vehicle was under the influence of alcohol;

c.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to keep a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

d.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would proceed at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

e.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

f.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

g.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would operate a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

h.     Was otherwise careless and negligent.

193.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, collided with JACKSON KRADLE.

194.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

195.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to the Wrongful Death Act in the State of Illinois, 740 ILCS 180/1, *et seq*.

196.    Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT XIII
## NEGLIGENCE – SURVIVAL ACTION
## SHERIFF OF CARROLL COUNTY, ILLINOIS, AMY HUBBLE, AND
## REBECCA FREDERICK

197.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 197 as if restated herein.

198.    Between July 27, 2024 through July 28, 2024, and all relevant times herein,

Defendants, REBECCA FREDERICK and AMY HUBBLE, were agents of CARROLL COUNTY SHERIFF and acted within the scope of their employment of Defendant, CARROLL COUNTY SHERIFF.

199.    On July 27, 2024, at approximately 11:22 p.m., and all relevant times herein, Defendant, AMY HUBBLE, contacted the dispatch center of Defendant, CARROLL COUNTY SHERIFF, and spoke with Defendant, REBECCA FREDERICK, to obtain information where on-duty police officers were patrolling to evade these police officers while driving intoxicated.

200.    From July 27, 2024 through July 28, 2024, and all relevant times herein, the conduct of Defendant, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, Defendants, REBECCA FREDERICK and AMY HUBBLE, increased the risk of harm to other motorists and pedestrians who would come into contact with Defendants, AMY HUBBLE and MATTHEW HERPSTREITH.

201.    As a result of Defendants' conduct, Defendant, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois on July 28, 2024, at approximately 3:33 a.m.

202.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

203.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, collided into JACKSON KRADLE.

36

204.     Between July 27, 2024 through July 28, 2024, and all relevant times herein, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, had a duty to ensure that the public was not exposed to a heightened risk of intoxicated motorists.

205.     On July 28, 2024, and all relevant times herein, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, breached said duty and was negligent in one or more of the following ways:

a.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would not exercise reasonable care because of impairment or intoxication;

b.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known the driver of the motor vehicle was under the influence of alcohol;

c.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to keep a proper and sufficient lookout for roadway hazards and other pedestrians on the road, including JACKSON KRADLE;

d.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would proceed at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the roadway, or which endangered the safety for persons or property, including JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

e.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to decrease speed so as to avoid colliding with JACKSON KRADLE, in violation of 625 ILCS 5/11-601;

f.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where Defendants knew or should have known that the operator of the motor vehicle would fail to give an audible warning with the horn when such warning was reasonably necessary to ensure safety of JACKSON KRADLE in violation of 625 ILCS 5/12-601;

g.     Improperly aided, assisted, and encouraged the operation of a motor vehicle where

Defendants knew or should have known that the operator of the motor vehicle would operate a motor vehicle under the influence of alcohol and/or drugs in violation of 625 ILCS 5/11-501; and

h.    Was otherwise careless and negligent.

206.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, collided with JACKSON KRADLE.

207.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, Plaintiffs' decedent, JACKSON KRADLE, sustained injuries resulting in his death on July 28, 2024.

208.    As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendants, CARROLL COUNTY SHERIFF, by and through its agents and/or employees, REBECCA FREDERICK and AMY HUBBLE, Plaintiff's Decedent, JACKSON KRADLE, sustained injuries of a personal and pecuniary nature before his death, including but not limited to conscious pain and suffering; had he survived, he would have been entitled to bring an action for those injuries and this action survives him.

209.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

**COUNT XIV**
**NEGLIGENCE – WRONGFUL DEATH**
**CITY OF SAVANNA, ILLINOIS AND SAVANNA COMMUNITY AMBULANCE**
**ASSOCIATION**

210. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 210 as if restated herein.

211. On and before July 28, 2024, and all relevant times herein, Illinois State Route 78 was a public roadway that generally ran northwest and southeast at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

212. On and before July 28, 2024, and all relevant times herein, Lowden Road was a public roadway that generally ran north and south at or near the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

213. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, operated, maintained, managed, and/or controlled a motor vehicle on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

214. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Plaintiffs' decedent, JACKSON KRADLE, was a pedestrian on Illinois State Route 78 at approximately one-quarter mile south of the intersection of Illinois State Route 78 and Lowden Road in the Village of Mt. Carroll, County of Carroll, State of Illinois.

215. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, MATTHEW HERPSTREITH, caused his vehicle to strike JACKSON KRADLE.

216.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendant, AMY HUBBLE, as agent and/or employee of CITY OF SAVANNA, ILLINOIS and SAVANNA COMMUNITY AMBULANCE ASSOCIATION, reported the medical status of JACKSON KRADLE as deceased.

217.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, Defendants, CITY OF SAVANNA, ILLINOIS and SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, was intoxicated and not qualified to render a determination as to JACKSON KRADLE.

218.    On July 28, 2024, and all relevant times herein, Defendants, CITY OF SAVANNA, ILLINOIS AND SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, undertook a duty to provide medical care to JACKSON KRADLE.

219.    On July 28, 2024, and all relevant times herein, Defendants, CITY OF SAVANNA, ILLINOIS AND SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, breached said duty where they failed to exercise ordinary care and acted with utter indifference and conscious disregard to the care and treatment of JACKSON KRADLE where they pronounced him deceased on scene and advised that paramedics should not be called to the scene of the crash.

220.    On July 28, 2024, and all relevant times herein, Defendants, CITY OF SAVANNA, ILLINOIS AND SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, breached said duty and was negligent or willful and wanton in one or more of the following ways:

    a.    Failed to  respond with ordinary care and with utter indifference and conscious disregard to the scene of JACKSON KRADLE;

b. Disregarded JACKSON KRADLE's well-being with knowledge that JACKSON KRADLE needed the assistance of paramedics without ordinary care and with utter indifference and conscious disregard to JACKSON KRADLE's safety;

c. Failed to take reasonable action to summon medical care where she knew from her observations that JACKSON KRADLE was in need of immediate medical care with utter indifference to or in conscious disregard for the safety of others; and

d. Was otherwise negligent or willful and wanton.

221. As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Defendants, CITY OF SAVANNA, ILLINOIS AND SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, denied JACKSON KRADLE the chance to survive the crash on July 28, 2024.

222. As a direct and proximate result of the conduct of the Defendants, CITY OF SAVANNA, ILLINOIS and SAVANNA COMMUNITY AMBULANCE ASSOCIATION, by and through their agent and/or employee, AMY HUBBLE, Plaintiff's Decedent, JACKSON KRADLE, died.

223. Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to the Wrongful Death Act in the State of Illinois, 740 ILCS 180/1, *et seq*.

224. Plaintiffs' decedent, JACKSON KRADLE, left surviving next-of-kin, each of whom sustained pecuniary and non-pecuniary losses as a result of the death of JACKSON KRADLE, including but not limited to loss of companionship, love, society, guidance, and affection as well as grief, sorrow, and emotional suffering.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

**COUNT XV**
**LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – WRONGFUL DEATH**
**834 S JACKSON, LLC d/b/a THE COPPER COW**

225.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 225 as if restated herein.

226.     On and before July 27, 2024, and at all times relevant herein, Defendant, 834 S JACKSON, LLC d/b/a THE COPPER COW ("COPPER COW"), owned, operated and/or managed a tavern located at 834 S. Jackson Street, Mt. Carroll, Illinois, at which place it gave or sold alcoholic liquors to the public.

227.     Defendant, COPPER COW, in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

228.     On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his injuries and death.

229.     As a direct and proximate result of the death sustained by JACKSON KRADLE, the next of kin of JACKSON KRADLE also suffered injuries including loss of means of support society, companionship, felicity, guidance, attention, advice, training, and instruction.

230.     Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT XVI
## LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – SURVIVAL ACTION
## 834 S JACKSON, LLC d/b/a THE COPPER COW

231.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 231 as if restated herein.

232.    On and before July 27, 2024, and at all times relevant herein, Defendant, 834 S JACKSON, LLC d/b/a THE COPPER COW ("COPPER COW"), owned, operated and/or managed a tavern located at 834 S. Jackson Street, Mt. Carroll, Illinois, at which place it gave or sold alcoholic liquors to the public.

233.    Defendant, COPPER COW, in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

234.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his injuries and death.

235.    As a direct and proximate result of the injuries sustained by JACKSON KRADLE, JACKSON KRADLE sustained injuries of a personal, permanent, and pecuniary nature, including but not limited to pain and suffering and emotional distress prior to his death.

236.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent

43

Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

**COUNT XVII**
**LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – WRONGFUL DEATH**
**SIPPI-SIDE PUB GRILL & LIQUOR STORE INC.**

237. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 237 as if restated herein.

238. On and before July 28, 2024, and at all times relevant herein, Defendant, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., owned, operated and/or managed a tavern located at 701 Main St., Savanna, Illinois, at which place it gave or sold alcoholic liquors to the public.

239. Defendant, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

240. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his death.

241. As a direct and proximate result of the death sustained by JACKSON KRADLE, the next of kin of JACKSON KRADLE also suffered injuries including loss of means of support

society, companionship, felicity, guidance, attention, advice, training, and instruction.

242. Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT XVIII
## LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – SURVIVAL ACTION
## SIPPI-SIDE PUB GRILL & LIQUOR STORE INC.

243. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 243 as if restated herein.

244. On and before July 28, 2024, and at all times relevant herein, Defendant, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., owned, operated and/or managed a tavern located at 701 Main St., Savanna, Illinois, at which place it gave or sold alcoholic liquors to the public.

245. Defendant, SIPPI-SIDE PUB GRILL & LIQUOR STORE INC., in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

246. On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his death.

247.    As a direct and proximate result of the injuries sustained by JACKSON KRADLE, JACKSON KRADLE sustained injuries of a personal, permanent, and pecuniary nature, including but not limited to pain and suffering and emotional distress prior to his death.

248.    Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT XIX
## LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – WRONGFUL DEATH
## SANDBURR RUN, LLC

249.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 249 as if restated herein.

250.    On and before July 28, 2024, and at all times relevant herein, Defendant, SANDBURR RUN, LLC, owned, operated and/or managed a tavern located at 5020 Illinois Route 84, Thomson, Illinois., at which place it gave or sold alcoholic liquors to the public.

251.    Defendant, SANDBURR RUN, LLC, in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

252.    On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle

to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his injuries and death.

253. As a direct and proximate result of the death sustained by JACKSON KRADLE, the next of kin of JACKSON KRADLE also suffered injuries including loss of means of support society, companionship, felicity, guidance, attention, advice, training, and instruction.

254. Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

## COUNT XX
## LIQUOR CONTROL ACT OF 1934 ("DRAMSHOP ACT") – SURVIVAL ACTION
## SANDBURR RUN, LLC

255. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 52 as paragraph 255 as if restated herein.

256. On and before July 28, 2024, and at all times relevant herein, Defendant, SANDBURR RUN, LLC, owned, operated and/or managed a tavern located at 5020 Illinois Route 84, Thomson, Illinois., at which place it gave or sold alcoholic liquors to the public.

257. Defendant, SANDBURR RUN, LLC, in its aforesaid tavern premises, itself and/or by their duly authorized agents, servants and/or employees, sold, gave, and/or served intoxicating alcoholic liquor to its patron, Defendant HERPSTREITH, which was consumed by him and caused his intoxication.

258.     On July 28, 2024, at approximately 3:33 a.m., and all relevant times herein, while intoxicated and because of said intoxication, Defendant HERPSTREITH, caused his motor vehicle to collide with JACKSON KRADLE, causing injuries to JACKSON KRADLE which resulted in his injuries and death.

259.     As a direct and proximate result of the injuries sustained by JACKSON KRADLE, JACKSON KRADLE sustained injuries of a personal, permanent, and pecuniary nature, including but not limited to pain and suffering and emotional distress prior to his death.

260.     Plaintiffs, DIANA KRADLE AND JOSHUA SISLER, as Co-Independent Administrators of the Estate of JACKSON KRADLE, Deceased, bring this action pursuant to Section 6-21 of the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21, commonly known as the Dramshop Act.

WHEREFORE, Plaintiffs respectfully request: (a) Compensatory damages in an amount in excess of jurisdictional limits to be determined at trial; (b) An award of reasonable attorneys' fees, costs, and litigation expenses; and (c) Such other relief as the Court may deem just or equitable.

### COUNT XXI
### INDEMNIFICATION CLAIM – CARROLL COUNTY, ILLINOIS

261.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 260 as paragraph 261 as if restated herein.

262.     Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/5-1106, and 55 ILCS 5/3-6016, Carroll County is empowered and directed to pay any judgment for compensatory damages and any associated attorneys' fees and costs for which the Carroll County Sheriff, by and through its agents and/or employees, acting within the scope of his or her employment, are found liable. The acts and/or omissions of Defendants HERPSTREITH, HUBBLE, and FREDERICK were committed within the scope of their employment.

263.    If a judgment for compensatory damages and attorneys' fees and costs is entered against Defendant HERPSTREITH, Defendant HUBBLE, and/or Defendant FREDERICK, or any other agent or employee of the Carroll County Sheriff's Office, CARROLL COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT XXII
## INDEMNIFICATION CLAIM – CITY OF MOUNT CARROLL, ILLINOIS

264.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 263 as paragraph 264 as if restated herein.

265.    Pursuant to 745 ILCS 10/9-102, the CITY OF MOUNT CARROLL is empowered and directed to pay any judgment for compensatory damages and any associated attorneys' fees and costs for which the Mount Carroll Police Department, by and through its agents and/or employees, acting within the scope of his or her employment, are found liable.

266.    If a judgment for compensatory damages and attorneys' fees and costs is entered against Defendant MARTH or any other agent or employee of the Mount Carroll Police Department, the CITY OF MOUNT CARROLL must pay the judgment as well as the associated attorneys' fees and costs.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

By:    /s/ James C. Pullos
       James C. Pullos

By :   /s/ Maurice E. Dusky
       Maurice E. Dusky

By :   /s/ Daniel E. O'Brien
       Daniel E. O'Brien

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3600
Chicago, IL 60602
(312) 899-9090
jcp@cliffordlaw.com
*Attorney for Plaintiffs*

Maurice E. Dusky
MAURICE E. DUSKY, P.C.
111 W. Washington Street, Suite 1200
Chicago, Illinois 60602
(312) 374-8918
mdusky@duskylaw.com
*Attorney for Plaintiffs*

Daniel E. O'Brien
WINTERS SALZETTA O'BRIEN &  RICHARDSON, LLC
111 W. Washington St., Suite 1200
Chicago, IL 60602
(312) 236-6324
dobrien@wsorlaw.com
*Attorney for Plaintiffs*